## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMANDA LEON,**

    **Plaintiff,**                     **CASE NO.:**

**vs.**

**RAPID IMAGING MRI, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA LEON, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, RAPID IMAGING MRI, INC. hereafter referred to as "DEFENDANT" and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

## ADMINISTRATIVE PREREQUISITES

3.      All conditions precedent to bringing this action have occurred.

4.      On December 4, 2024, Plaintiff timely filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

5.      On September 25, 2025, the EEOC issued a Determination and Notice of Rights related to Plaintiff's Charge of Discrimination.  This Complaint is filed within ninety (90) days of the issuance of the Determination and Notices of Rights.

6.      More than 180 days have passed since the filing of the Charge of Discrimination.

## PARTIES

7.      Plaintiff is a resident of Polk County, Florida.

8.      Defendant is a Florida corporation, authorized and doing business in Polk County, Florida.

## GENERAL ALLEGATIONS

9.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

10.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

2

11.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

12.     Plaintiff began her employment on or about October 19, 2023 as a full time Chiropractor.

13.     During her employment Plaintiff learned she was pregnant and informed her employer on August 8, 2024.

14.     Plaintiff requested and was approved for two half days off to attend to pregnancy-related medical appointments.

15.     However, despite not having received any prior disciplinary or performance write ups or counseling, on or about September 15, 2024, Plaintiff saw that Defendant had posted a job listing.  Plaintiff thought that was strange because usually Defendant would mention when they were adding to the team.

16.     On or about September 22, 2024, Plaintiff received an email from Defendant stating, "it is very sad to announce that you are selected for termination of employment with Rapid Imaging MRI immediately."

17.     On or about September 23, 2024, Plaintiff received a phone call informing her that Defendant hired her replacement and during the interview asked if she had plans on having more children.

**COUNT I**
**TITLE VII – PREGNANCY DISCRIMINATION**

18.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

19.     Plaintiff is a member of a protected class under Title VII.

20.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

21.     Defendant knew or should have known of the discrimination.

22.     As a result of Defendant's unlawful discrimination and termination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

        a.     Back pay and benefits;

        b.     Interest on back pay and benefits;

        c.     Front pay and benefits;

        d.     Compensatory damages for emotional pain and suffering;

        e.     Punitive damages;

        f.     For costs and attorneys' fees;

        g.     Injunctive relief;

        h.     For any other relief this Court deems just and equitable.

**COUNT II**

## PREGNANT WORKERS FAIRNESS ACT
## ("PWFA") FAILURE TO ACCOMMODATE AND ADVERSE ACTION

23.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

24.     Plaintiff is an individual protected by the PWFA.

25.     By the conduct described above, Defendant failed to accommodate Plaintiff on account of her pregnancy in violation of the (PWFA) and took adverse action against her after she requested accommodations.

26.     As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering;

      e.     Punitive damages;

      f.     For costs and attorneys' fees;

      g.     Injunctive relief;

      h.     For any other relief this Court deems just and equitable.

## COUNT III
## FCRA- PREGNANCY DISCRIMINATION

27.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

28.     Plaintiff is a member of a protected class under the Florida Civil Rights Act.

29.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Florida Civil Rights Act.

30.     Defendant knew or should have known of the discrimination.

31.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

        a.     Back pay and benefits;

        b.     Interest on back pay and benefits;

        c.     Front pay and benefits;

        d.     Compensatory damages for emotional pain and suffering;

        e.     Punitive damages;

        f.     For costs and attorneys' fees;

g.      Injunctive relief;

h.      For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION

32.      Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

33.      Plaintiff is a member of a protected class under the Florida Civil Rights Act.

34.      By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff in violation of the Florida Civil Rights Act.

35.      Defendant knew or should have known of the retaliation.

36.      As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

 e.  Punitive damages;

 f.  For costs and attorneys' fees;

 g.  Injunctive relief;

 h.  For any other relief this Court deems just and equitable.

Dated: December 22, 2025.

     FLORIN|GRAY

     */s/ Miguel Bouzas*
     Miguel Bouzas
     Florida Bar No.: 48943
     Miguel@floringray.com
     Wolfgang M. Florin
     Florida Bar No. 907804
     wflorin@floringray.com
     16524 Pointe Village Drive, Suite 100
     Lutz, FL 33558   `
     Telephone (727) 220-4000
     Facsimile (727) 483-7942
     Attorneys for Plaintiff